```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MACSTEEL INTERNATIONAL SOUTH AFRICA
(PTY) LTD.,
                    Plaintiff,           09 Civ. 7178 (DAB)
                                              ORDER
-against-

CALYPSO AS and MARITIME
MANAGEMENT AS,
                    Defendants.
------------------------------------X
```

DEBORAH A. BATTS, United States District Judge.

On August 14, 2009, Plaintiff Macsteel International South Africa (Pty) Ltd. filed a Verified Complaint in the captioned action seeking damages of US $660,947.30, inclusive of interest, costs and reasonable attorneys' fees, and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

The Court has reviewed the Verified Complaint and affidavit dated August 14, 2009 and finds that Plaintiff has failed to satisfy the conditions of Supplemental Admiralty Rule B. Specifically, Plaintiff has failed to show that the Defendants' property may be found within the District. Fed. R. Civ. P. Supp. Rule B(1)(a); Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006).

Rule B of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions of the Federal Rules of Civil Procedure provides that:

> [i]f a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property . . . in the hands of garnishees named in the process.

Fed. R. Civ. P. Supp. Rule B(1)(a) (emphasis added). Thus, "[t]o sustain an attachment, a plaintiff must show that it has fulfilled the 'filing and service requirements of Rules B and E' and that '1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment.'" DSND Subsea AS v. Oceanografia, S.A. de CV, 569 F.Supp.2d 339, 343 (S.D.N.Y. 2008) (quoting Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006)).

Under Rule E of the Supplemental Rules, a plaintiff must plead its claim with "such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Fed. R. Civ. P. Supp. AMC R. E(2)(a). This "is [a] more stringent [standard] than the pleading requirements of the Federal Rules of Procedure," Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd., 519 F.Supp.2d

399, 409 (S.D.N.Y. 2007), which themselves require that plaintiff allege "well-pleaded facts [that] permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Even under the less rigorous standard of Fed. R. Civ. P. 8(a)(2), a "formulaic recitation of the elements of a cause of action will not do." Id., 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, at 555 (2007)).

While "in this Circuit ... EFT ['electronic fund transfer'] funds in the hands of an intermediary bank may be attached pursuant to Admiralty Rule B(1)(a)," Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 277 (2d Cir. 2002), Rule B nonetheless requires that the defendant's "assets are presently located in the Southern District." Aqua Stoli, 460 F.3d at 444. "Rule B(1) relief is not valid where the attachment and garnishment is served before the garnishee comes into possession of the property." ContiChem IPG v. Parsons Shipping Co., Ltd., 229 F.3d 426, 434 (2d Cir. 2000) (citing Reibor Int'l Ltd. v. Cargo Carriers (KACZ-CO.) Ltd., 759 F.2d 262, 268 (2d Cir. 1985)).

Plaintiff has attempted to satisfy the third Aqua Stoli requirement – that "defendant's property may be found within the district," 460 F.3d at 445 – by relying on "common practice in the maritime industry" that "payments are made in U.S. Dollars" and "[i]nternational electronic funds transfers in U.S. Dollars

3

between two non-U.S. entities pass through intermediary banks in New York." (Verified Compl. ¶ 16.) Plaintiff alleges that

> "[a]ny payment by Defendants of charter hire or other sums due under a maritime contract to a non-domestic entity, or any payment by a non-domestic entity to Defendants, made in U.S. Dollars and affected by international electronic funds transfer, must pass through an intermediary bank, or banks, primarily in New York City. The Clearing House Interbank Payment System ("CHIPS") represents that it processes 95% of those transfers. On the basis of the foregoing, Plaintiff submits that one or more electronic funds transfers in U.S. Dollars will be made from, or to, Defendants, and will be routed through an intermediary bank or banks in New York City, within the next month or months and will be subject to attachment by Process of Maritime Attachment and Garnishment issued pursuant to Supplemental Rule B."

(Id. ¶¶ 17-18.) On this basis, "Plaintiff avers, on information and belief, that Defendants have, or will have during the pendency of this action, assets within this District comprising, inter alia, cash, funds, wire transfers, electronic funds transfers, CHIPS credits . . . or any other tangible or intangible property . . . located at, moving through, or held by, any garnishee(s) located within this District, including but not limited to" seventeen named New York banks. (Id. ¶ 20.) Plaintiff offers no specific elaboration on these allegations, and counsel has not provided any support in its affirmation to substantiate its speculative and conclusory assertions.

In considering Plaintiff's application for process of maritime attachment and garnishment, the Court is mindful that at

4

the pleading stage, Rule 8 "does not require detailed factual allegations" but merely enough "factual content [to] allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555-56). However, in the Court's view, more is required under Aqua Stoli to demonstrate a "plausible" entitlement to a maritime attachment than a conclusory allegation, based simply on Plaintiff's "belief," that Defendants' property will be "located at, moving through, or held by" any one of a non-exhaustive list of seventeen garnishees located in this District during the pendency of the requested Order. Plaintiff has not, with this Complaint and supportive documentation, provided the Court with "sufficient factual matter, accepted as true," to suggest that funds representing electronic fund transfers originated by Defendants at the time of service, may be found in the Southern District of New York. Iqbal, 129 S.Ct. at 1949.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application for Process of Maritime Attachment and Garnishment is DENIED without prejudice.

SO ORDERED.

Dated:  New York, New York
        August 31, 2009

*Deborah A. Batts*
Deborah A. Batts
United States District Judge